IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ARLENE BURTON                                                                              PLAINTIFF

V.                                   CASE NO. 3:14CV00134-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Arlene Burton has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

Ms. Burton alleged that she became limited in her ability to work by hand and leg cramps, arthritis in her hands and legs, asthma, and acid reflux. (SSA record at 130) After conducting an administrative hearing, the Administrative Law Judge[2] ("ALJ") concluded that Ms. Burton had not been under a disability within the meaning of the Social Security Act at any time from March 28, 2011, her protective filing date, through March 14, 2013, the date of his decision. (*Id*. at 9-21)

On March 24, 2014, the Appeals Council denied Ms. Burton's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-3) Ms. Burton then filed her complaint initiating this appeal. (Docket #2)

Ms. Burton was 47 years old at the time of the hearing. (SSA record at 42) She attended school until the twelfth grade and passed her General Educational Development test. (*Id*. at 44) She has past relevant work as a sales associate. (*Id*. at 26, 59)

**Discussion**

    **A.**    **The ALJ's Opinion**

The ALJ found Ms. Burton had not engaged in substantial gainful activity since her protective filing date. (*Id*. at 11) He found that Ms. Burton had "severe" impairments: arthritic problems, diabetes, hypertension, asthma, dyspnea, obesity, depression, anxiety, pain disorder, and cognitive limitations. (*Id*. at 11) He found she did not have an impairment or combination of impairments that met or equaled a Listing. (*Id*.

---

[2]The Honorable Toni Shropshire.

at 11-13)  He judged that Ms. Burton's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not totally credible.  (*Id*. at 19)

Based on these findings, the ALJ concluded that Ms. Burton retained the residual functional capacity ("RFC") for light work.  He found she could frequently climb stairs but could only occasionally perform work that requires balancing, stooping, kneeling, crouching, and crawling, and never perform work that requires climbing ladders.  (*Id*. at 14)  He also found: she could use her left dominant arm occasionally for pushing, pulling, and overhead reaching; she must avoid concentrations of dust, fumes, gases, odors, smoke, poor ventilation, or other airborne irritants; she was able to understand, retain, and carry out simple instructions and make simple work-related decisions; she could perform work where the complexity of task is learned and performed by rote, with few variables, little judgment, and in an environment with few, if any, work place changes; she could carry out work where interpersonal contact is incidental to the work performed and where supervision is simple, direct, and concrete.  (*Id*.)

Based on testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Burton could not perform her past relevant work but could perform other jobs that existed in significant numbers in the national economy.[3]  (*Id*. at 20-21)  Thus, the ALJ concluded that Ms. Burton was not disabled. (*Id*. at 21)

---

[3]The VE identified two jobs that a person with Ms. Burton's limitations could perform – assembler and cafeteria attendant.  (*Id*. at 21)

B.   **Severe Impairments**

Ms. Burton complains that the ALJ erred by not finding her chronic pain, fibromyalgia, neuropathy and disc herniation at C5-6 were severe impairments. Ms. Burton's complaint provides no basis for relief.

The claimant bears the burden at step two of demonstrating the existence of an impairment that significantly limits her ability to do basic work activity. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Here, the ALJ found that Ms. Burton's arthritic problems, diabetes, hypertension, asthma, dyspnea, obesity, depression, anxiety, pain disorder, and cognitive limitations rose to the level of severe impairments.

Ms. Burton complains the ALJ erred by not finding her chronic pain was a severe impairment, but does not point to evidence in the record to support her contention. Here, the record reflects that the ALJ considered Ms. Burton's chronic pain and found that Ms. Burton's pain disorder was a severe impairment. (*Id*. at 11)

Ms. Burton further asserts that the ALJ erred in failing to find her fibromyalgia was a severe impairment. Ms. Burton, however, fails to point to evidence in the record to support a diagnosis of fibromyalgia. Ms. Burton points to a medical record that notes that she reported having fibromyalgia, but this is a subjective complaint–not a diagnosis. (*Id*. at 326) Regardless, the ALJ properly considered Ms. Burton's complaints of pain and

discomfort in her left side and lower back, as well as her complaints of soreness in her legs, feet, and left arm. (*Id*. at 15)

Moreover, Ms. Burton does not identify any evidence supporting a diagnosis of peripheral neuropathy. Instead, she points to Dr. Patterson's report from his consulting examination where he notes that her tandem walk was abnormal due to left leg pain; she had difficulty rising from a squatting position; and she had moderate limitations in her ability to use her left arm. (#10 at pp. 11-12) Notably, Dr. Patterson's diagnoses did not include peripheral neuropathy. (SSA record at 254) The ALJ properly discussed Dr. Patterson's findings and accounted for Ms. Burton's limitations in assessing her RFC. (*Id*. at 15-16)

Ms. Burton also maintains that the ALJ erred by not finding her central disc bulge/herniation at C5-6 level to be a severe impairment. (#10 at pp. 9-10) The medical records Ms. Burton points to for support of this allegation are reports from MRIs of her lumbar and cervical spine performed in July, 2009. The reports show "mild anterior thecal sac narrowing at the C6-7 and T1-T2 disk levels due to mildly bulging disks," and "minimal disk bulging at the L5-S1 intervertebral disk." (*Id*. at 338, 339) These records, while relevant, are not dispositive, because the MRIs were performed more than two years before she filed her application for supplemental security income, and more recent testing, during the relevant time period, produced different results.

A CT scan of Ms. Burton's pelvis, and lumbar spine performed April 6, 2012, showed no disc herniation or stenosis in the lumbar spine and chronic degenerative changes of the "SI joints," no fracture, and no joint effusion in the pelvis. (*Id*. at 300, 302)  Further, an MRI of Ms. Burton's hip on May 16, 2012, showed a normal hip with no bony abnormalities. (*Id*. at 292)  The ALJ acknowledged and discussed the relevant objective evidence and did not err in failing to find her alleged herniated/bulging disk a severe impairment. (*Id*. at 15-16)

Finally, because the ALJ found other severe impairments, he proceeded to step three where he considered all of the medical evidence and all of Ms. Burton's impairments. *Bozven v. Yuckert*, 482 U.S. 137, 156, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (O'Connor, J., concurring).  Accordingly, even if Ms. Burton's chronic pain, fibromyalgia, neuropathy and disc herniation at C5-6 were severe, no harm came from the ALJ's finding they were non-severe at step two.  See *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless).

### C.   Mental Impairments

Ms. Burton also complains that the ALJ did not properly evaluate her mental impairments.  Specifically, she argues that the ALJ's finding she had mild limitation in activities of daily living; moderate limitation in social functioning; moderate limitation in

concentration, persistence, or pace; and no episodes of decompensation conflicts with the evaluation of Yvonee Hardaway Osborne, Ph.D., from April 22, 2010. Dr. Osborne found that Ms. Burton had marked impairments in understanding, remembering, and in adapting to changes in work settings. (#10 at pp 12-13) (SSA record at 201-06).

Ms. Burton's argument lacks merit. First, in her application for benefits, Ms. Burton did not claim disability based on a mental impairment, and she had no history of mental health treatment. (*Id*. at 130, 219) At her examination with Dr. Osborne, Ms. Burton continued to allege disability based on physical, not mental, impairments. (*Id*. at 202)

Further, the ALJ discussed all of the medical evidence related to Ms. Burton's mental impairments including the opinions of Dr. Osborne and Samuel B. Hester, who also performed a mental evaluation of Ms. Burton in 2011, and the opinion of State agency physician Winston Brown, M.D. (*Id*. at 16-19) The ALJ gave good reasons for discounting Dr. Osborne's opinion including that Ms. Burton reported living by herself in an apartment, tending to her personal care, preparing simple meals, and shopping with her daughter. (*Id*. at 15) The ALJ's conclusion that Ms. Burton could perform unskilled work so long as she was provided simple instructions; was required to make only simple work-related decisions; and where the complexity of tasks was learned and performed by rote, with few, if any work place changes, and she was provided simple, direct, and

concrete supervision is supported by substantial evidence in the record.  (SSA record at 17-18, 42-43, 170-71, 203, 205, 219, 224-25, 230-47)

**Conclusion**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401.  The Commissioner's decision is not based on legal error.

The final determination of the Commissioner is AFFIRMED, and Ms. Burton's complaint is hereby dismissed with prejudice, this 20th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE